*Not for Publication*

**United States District Court**

**Northern District of California**

| | |
|---|---|
| **William David Bush**, Plaintiff, v. **Rochelle Walensky, et al.**, Defendants. | Case No. 4:21-cv-05825-YGR<br><br>**Order Adopting Magistrate Judge's Report and Recommendation; Order Dismissing Case with Prejudice**<br><br>Re: Dkt. Nos. 6, 9 |

The Court has reviewed Magistrate Judge Joseph Spero's Report and Recommendation (Dkt. No. 6, Report and Recommendation, "Report") recommending dismissal of this case with prejudice because it fails to state a claim upon which relief can be granted pursuant to 28 U.S.C. section 1915(e). Plaintiff objected to the Report. (Dkt. No. 9.) The Court has reviewed the Report and objection carefully and issues the following decision:

Magistrate Judge Spero's Report is correct, well-reasoned, and thorough, and the Court **Adopts** it in every respect. Magistrate Judge Spero granted Mr. Bush's application to proceed *in forma pauperis* and subsequently reviewed the sufficiency of Mr. Bush's complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). Courts must engage in screening and dismiss any claims which: (1) are frivolous or malicious; (2) fail to state a claim on which relief may be granted; or (3) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Marks v. Solcum*, 98 F.3d 494, 495 (9th Cir. 1996).

The Court construes Mr. Bush's pleadings liberally, as he is proceeding *pro se*. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed *pro se* is to be liberally construed . . . and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers[.]" (internal quotation marks omitted)). The

standards for evaluating whether a complaint states a viable cause of action are well known and not in dispute.

The Court agrees with Magistrate Judge Spero's analysis that Mr. Bush's APA claims are insufficiently pled and can be dismissed as a matter of law. As analyzed by Magistrate Judge Spero, the CDC's order entitled "Requirement for Negative Pre-Departure COVID-19 Test Result or Document of Recovery from COVID-19 for all Airline or Other Aircraft Passengers Arriving into the United States from any Foreign Country" (the "Order"), which is published in the Federal Register and became effective on January 26, 2021 (s*ee* FR 7387-7391), was lawfully issued under Section 361 of the Public Health Act, codified at 42 U.S.C. § 264. In turn, the Order was lawfully implemented pursuant 42 C.F.R. §§ 71.20 and 71.31(b) and is not inconsistent with 42 C.F.R. § 71.11 that provides a "[a] carrier at any foreign port clearing or departing for any U.S. port shall not be required to obtain or deliver a bill of health." Magistrate Judge Spero also found no authority or support for Mr. Bush's theories that the Order is arbitrary or capricious based upon its application to the airline industry, its timing, and inconsistency with 42 C.F.R. § 71.11. There is no reason to deviate from the correct, well-reasoned, and thorough Report.

The Court further agrees that the complaint fails to state a claim that the Order violates Article I, Section 1 of the United States Constitution because the Order is authorized by Section 361 of the Public Service Health Act. *Whitman v. Am. Trucking Ass'ns*, 531 U.S. 457, 473-74 (2001).

Mr. Bush's objection essentially reiterates implausible and conclusory assertions that were already rejected by the Report in recommending dismissal of his claims. Indeed, Mr. Bush seems to concede that "the Petitioner acknowledged the CDC Director may be within her authority to conduct disease prevention methods at global Airports" and focuses on the "bills of health" that Magistrate Judge Spero correctly held are inapplicable in the context of airline passengers. (Dkt. No. 9 at 11; Report at 7-8.) Mr. Bush now argues that testing procedures do not comply with the definition of "non-invasive" because the "Director has not provided US Public Health Service employees or other agents that have been determined to have appropriate training in public health as required." (Dkt. No. 9 at 8.) However, the Order expressly provides that the document

2

demonstrating the "Qualified Test result" must verify "the laboratory or healthcare personnel who performed the test." Mr. Bush has not demonstrated how this is not "an authorized public health worker . . . or another individual with suitable public health training" as defined in 42 C.F.R. § 71.1. Mr. Bush also argues that he "has not been able to confirm that the Director has obtained approval from the Secretary" for implementation of the Order. This does not change the result. Magistrate Judge Spero's Report explains that the Secretary of Health and Human Services has promulgated regulating provisions that implement Section 361 of the Public Health Service Act and has delegated enforcement to the CDC. *See* 42 C.F.R. pt. 70; *Control of Communicable Diseases, Apprehension and Detention of Persons With Specific Diseases, Transfer of Regulations*, 65 Fed. Reg. 49,906, 49,907 (Aug. 16, 2000).

Finally, Mr. Bush raises a new theory that was not presented in his complaint. Specifically, he contends that the Order is arbitrary because it is "in essence and effect, baring the reentry of US Citizens and lawful residents by Airline Carriers from returning home to the United States who are found to be infected with Covid 19 . . . in critical violation of 42 [C.F.R.] § 71.40(f)." However, Section 71.40 authorizes the Director to prohibit entry into the United States of persons from designated foreign countries that are not U.S. citizens, U.S. nationals, or lawful permanent residents. This provision does not bear on Section 71.20 which authorizes the Director to "conduct public health prevention measures, at U.S. ports of entry or other locations, through non-invasive procedures," 42 C.F.R. § 71.20(a), which would apply irrespective of citizenship, residency status, and the country of origin. The Order was also not implemented pursuant to and in excess of Section 71.40(f).

Accordingly, and for the reasons set forth in the Report: this case is **DISMISSED WITH PREJUDICE** for failure to state a claim. This Order terminates the case and Docket Number 6. The Clerk of the Court is directed to close this case.

**IT IS SO ORDERED.**

Dated: October 25, 2021

YVONNE GONZALEZ ROGERS
UNITED STATES DISTRICT JUDGE

3